WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mansfield Collins, et al.,<br><br>    Appellant,<br><br>vs.<br><br>Flavio Tenorio, et al.,<br><br>    Appellee. | No. cv-08-430-PHX-ROS<br><br>Bk No. bk-03-21433-JMM<br><br>**ORDER** |

Pending before the Court is Appellant's Motion for Disqualification and/or Recusal (Doc. 6). Appellant's Motion states that it is brought pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. However, it does not adhere to the form required of an affidavit under § 144, requirements that are strictly construed. Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir. 1982). Therefore, Appellant's Motion will be analyzed under § 455. Subpart (a) of that section requires disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned;" subpart (b) adds additional criteria, including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455.

"The test for disqualification under § 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a

'hypersensitive or unduly suspicious person.'" <u>Clements v. United States District Court for the Central District of California</u>, 428 F.3d 1175 (9th Cir. 2005) (quoting <u>In re Mason</u>, 916 F.2d 384, 385 (7th Cir. 1990)). Section 455(b)(1) had been interpreted as having the same meaning at §144, which has substantially similar language. <u>United States v. Conforte</u>, 624 F.3d 869, 880 (9th Cir. 1980); Wright, Miller & Cooper, FEDERAL PRACTICE & PROCEDURE § 3542, at 556 (1984). Under that section, "[t]o disqualify a judge, the alleged bias must constitute 'animus more active and deep-rooted than an attitude toward certain persons because of their known conduct.'" <u>United States v. Wilkerson</u>, 208 F.3d 794, 799 (9th Cir. 2000) (quoting <u>Conforte</u>, 624 F.2d at 881).

Under either subsection, the opinion that is the basis for the judge's impartiality need not necessarily have been established in an extrajudicial context; "predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. <u>Liteky v. United States</u>, 510 U.S. 540, 554 (1994). However,

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

<u>Id.</u> at 555. Ultimately, in <u>Liteky</u>, the Supreme Court found that there is no bias where it cannot be shown that the judge "(1) relied upon knowledge acquired outside such proceedings now [or] (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." <u>Id.</u> at 556. Judges are certainly not expected to refrain from coming to conclusions on issues of fact or law, or from forming personal opinions of any sort; "[t]hat judges predictably reach conclusions on the evidence put before them does not prevent them" from rendering a fair judgment. <u>United States v. Nelson</u>, 718 F.2d at 321.

Appellant argues that the judge is biased because she ruled against Appellant in an earlier appeal, one that involved factual issues overlapping with the present case and would,

- 2 -

in this case, "arguably would have to adopt inconsistent or contrary views . . . on some of the facts or issues that she has already ruled on." Appellant alleges that by upholding Judge Marlar, the Bankruptcy Judge in both cases, the judge "revealed an obvious and high degree of predisposition favoring Judge Marlar." There was no written opinion in that case beyond a statement that Judge Marlar "made a calculated, reasoned decision in approving the settlement." Appellant argues that this "brevity and lack of any mention of any issues raised by Collins in the March 31, 2007 order by Judge Silver, showed a high degree of antagonism for the views and arguments made by Collins." Finally, Appellant argues that a delay in ruling on his Motion for Extension of Time regarding the deadline for filing his opening brief is further prejudicing his case.

These allegations do not constitute grounds for disqualification under § 455. Issuing a short order does not imply bias towards Appellant, and certainly not the "deep-seated and unequivocal antagonism" that is required. This is particularly true in the context of a district court's review of a bankruptcy decision, a situation in which the law often *requires* that review of the bankruptcy court's decision show some degree of deference to the bankruptcy court. A judge may "reach conclusions on the evidence put before them" and that is no bar to considering later cases in which overlapping issues are considered. That is simply not the bias contemplated by the recusal statutes. Appellants claim regarding his Motion to Extend is equally meritless. The Motion was granted nine days after it was filed. It is possible to construct hypotheticals in which extreme delay in ruling on a motion might be partial evidence of bias that would mandate recusal or disqualification. However, a delay of slightly over week in ruling on a motion which the moving party ultimately prevailed on and where no irreparable harm was caused is not such a situation.

Accordingly,

**IT IS ORDERED** Appellant's Motion is **DENIED.**

1 | DATED this 12th day of December, 2008.

2
3
4
5
6
7
8 | _____
  | Roslyn O. Silver
  | United States District Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28