1  WO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mansfield Collins, | No. 08-cv-00430-PHX-ROS |
| Defendant-Appellant, | **ORDER DISMISSING DEFENDANT-APPELLANT'S APPEAL** |
| vs. | |
| Flavio Tenoria, et al., | |
| Plaintiffs-Appellees. | |

Before this court is Defendant Collins' Appeal from the Denial of a Rule 60(b) Motion for Reconsideration (Doc. 1). For the reasons stated herein, the Appeal is dismissed with prejudice.

**BACKGROUND**

This appeal is from bankruptcy Adversary Proceeding 04-ap-00089-JMM.[1] The claims involved originated in a California state court action, Case No. BC277153 (Superior Ct. of California, Los Angeles Cnty., Central Dist., 2002), which was removed by Leasco as a core proceeding, (Adv. Doc. 2) and then consolidated with other core proceedings (Adv. Doc. 11). The California action was brought by Plaintiffs against Leasco and others to

---

[1] The case is part of the Chapter 7 liquidation of Leasco, Inc. Bankruptcy Proceeding 03-bk-21422-JMM (D. Ariz. 2003). Documents from the adversary proceeding docket are referred to as "Adv. Doc. #." Documents from the bankruptcy proceeding docket are referred to as "Bank. Doc. #." Documents from the instant proceeding are referred to as "Doc. #."

contest ownership of a trademark and recover money owed on a note. (Bank. Doc. 24 at 6.) The California action's designation as a core proceeding was not challenged prior to Defendant's post-judgment motions.

Leasco was formed to own, administer and collect licensing fees for the trademarks and associated goodwill for "Filiberto's® Restaurants." The "Filiberto's" brand for Restaurants was originally founded and developed by Plaintiffs. (Bank. Doc. 24 at 5.) Plaintiffs sold the "Filiberto's" trademark to their agent, Ivania Piskulich, in exchange for which Piskulich signed an unsecured note for $2,500,000. (Adv. Doc. 120 at 8.-9) Piskulich formed Leasco as a closely-held corporation of which she was president and majority owner. (Id. at 9.)

Piskulich was also responsible for obtaining legal services for some of the Plaintiffs, and was authorized to pay for those services in lieu of making payments on the note to Plaintiffs. The revenues to pay the note and to pay for the legal services was obtained from the licensing fees derived from the "Filiberto's" trademark. (Id.)

As agent for Plaintiffs, Piskulich contracted with Defendant to provide legal services to one of the Plaintiffs for $10,000. (Id. at 7.) Leasco paid Defendant's legal fees on behalf of one of the Plaintiffs, as well as the legal fees of other attorneys representing other Plaintiffs. Defendant had a close personal relationship with Piskulich, eventually moving in with her. (Id. at 9-10.) From the time of Leasco's incorporation until at least the time of the bankruptcy proceedings, Defendant was the vice president of Leasco. (Id.) At many points in this litigation, Defendant and Piskulich were represented by the same counsel, and filed joint motions.

The judgment at the root of this appeal concerned the legal fees that Leasco paid to Defendant, purportedly on behalf of one of the Plaintiffs. (Id. at 40.) Defendant Collins asserted he was due a total of $464,614 for his representation of Plaintiffs, of which he had already been paid $268,400 by Leasco. (Id.) However, Defendant was found to have been due only $10,000 for his work, id. at 14, and accordingly, on January 18, 2005, Plaintiffs were awarded $258,400 for the amount overpaid, and Defendant's claim for $226,213.77 was

denied. (Id. at 57) Defendant filed a motion to amend the judgment, arguing that because it was Leasco and not Plaintiffs that had paid Defendant, Plaintiffs were not entitled to the award. (Adv. Doc. 129.) It was therefore ordered, on February 24, 2005, that Defendant's payments to Plaintiffs on the judgment would reduce Leasco's debt to Plaintiffs. (Adv. Doc. 140 at 5.) Defendant did not appeal that decision.

Over a year later, on April 1, 2005, Plaintiffs filed for a writ of execution on the judgment against Defendant. (Adv. Doc. 156.) Defendant objected to the issuance of the writ on April 6, 2005, arguing that other matters being litigated at the time should preclude issuance of the writ. (Adv. Doc. 163.) After a hearing on May 9, 2005, (Adv. Doc. 178) the bankruptcy court concluded that the other proceedings did not affect the judgment against Collins, and on May 11, 2005 the bankruptcy court ordered the issuance of the writ of execution. (Adv. Doc. 186.)

By January 20, 2006, pursuant to a settlement agreement approved by the court, all judgments awarded in the case were released and discharged *except* the judgments against Defendant and Piskulich. (Adv. Doc. 231 and 233.) On May 1, 2006, Defendant filed a motion to have the judgment against him vacated as void or discharged as having been satisfied by the settlement agreement. (Adv. Doc. 234.) After briefing, On May 3, 2006 Defendant's motion was denied as being without merit. (Adv. Doc. 242.) Defendant's objections regarding personal and subject matter jurisdiction were found to have been waived by Defendant's failure to preserve those issues or appeal the judgment. (Id. at 2) Defendant's objection to the manner by which the fee he was due was calculated in the judgment was found to be a time-barred Rule 60(b)(1) motion. (Id.) Defendant's contention that the settlement agreement amounts to a satisfaction of the judgment against him, not withstanding the explicit statement to the contrary, was found to be false. (Id. at 3)

Defendant then filed a motion for reconsideration of the denial of the Rule 60 motion on May 15, 2006. (Adv. Doc. 243.) This motion is still pending in the bankruptcy court. On February 28, 2008, Defendant appealed the May 3, 2006 denial of Defendant's May 1, 2006 Rule 60(b) motion, just over 21 months after the order was issued.

**JURISDICTION AND STANDARD OF REVIEW**

This court has jurisdiction to hear timely appeals from a judgment, order or decree of a bankruptcy court under 28 U.S.C. § 158(a).

A bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. First Ave. West Bldg., LLC v. James (In re Onecast Media), 439 F.3d 558, 561 (9th Cir. 2006). When a motion for reconsideration comes more than ten days after the underlying judgment, an appeal of an order denying that motion does not raise the merits of the underlying judgment. Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995).

**ANALYSIS**

A. Timeliness of the Appeal.

An appeal of an order or judgment of a bankruptcy court must be filed within 10 days of the order. Fed. Bank. R. Proc. 8002(a). Motions to alter or amend a judgment or for a new trial under Fed. Bank. R. 9023, which applies Fed. R. Civ. Proc. 59 to bankruptcy cases, toll the time for appeal until they are disposed of, as do motions for relief under Fed. Bank. R. Proc. 9024, which applies Fed. R. Civ. Proc. 60. Fed. Bank. R. 8002(b).

Defendant appeals the order of May 3, 2006, and filed his appeal over 21 months after that order; since appeals must normally be filed within ten days of an order, Defendant's appeal is only timely if the Motion for Reconsideration filed May 15, 2006 tolls the time for filing. Defendant did not specify whether the May 15, 2006 "Motion for Reconsideration" was under Rule 59(e) or Rule 60, and there is no specific rule creating or governing a "Motion for Reconsideration" under the Federal Rules of Civil Procedure. As such, the issue is what type of motion the May 15, 2006 motion is, and then the question becomes whether it tolls the time to appeal an order in a bankruptcy case. The May 15, 2006 motion seeks reconsideration of only matters that were encompassed in the February 24, 2005 judgment. Such a post-judgment motion is considered a Rule 59(e) motion. Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989)(citing White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 451(1982)). Therefore, Defendant's May 15 motion is governed by Rule 59(e).

The May 15 motion sought reconsideration of the May 1 motion that was denied in the May 3 order. Comparing the May 15, 2006 motion to the May 1, 2006 motion, no new substantive material can be found. Other than its title sheet and first sentence, the Rule 59(e) motion consists entirely of sentences cut-and-pasted from the original motion. No new facts or arguments are presented. Importantly, in merely repeating parts of the May 1 motion without additional argument, the Rule 59(e) motion does not specify grounds on which the May 3, 2006 order should be reconsidered. As such, it is in violation of Fed. Bank. R. 9013, which, like Fed. R. Civ. Pro. 7(b), requires the grounds for reconsideration be "stated[d] with particularity." This requirement exists "to afford notice of the grounds . . . to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." Registration Control Systems, Inc. v. Compusystems, Inc., 922 F.2d 805, 807 (C.A.Fed. 1990) (discussing Fed. R. Civ. Pro. 7(b)). Because the May 15 motion does not meet this requirement, it was not a proper Rule 59(e) motion. Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 760 (7th Cir. Ill. 2001). Such a motion does not fall within any of the categories of Fed. Bank. R. 8002(b), and therefore does not toll the period for filing an appeal. See Id. at 761. Accordingly, Defendant's time for filing an appeal of the May 3, 2006 order has not been tolled.

Because the ten day period for filing an appeal was not tolled by the improper Rule 59(e) motion, Defendant was required to file his appeal of the May 3, 2006 order on or before May 17, 2006. Fed. Bank. R. 8002(a). However, Defendant did not file his appeal until February 28, 2008, and so Defendant's appeal is not timely. This court has no subject matter jurisdiction over untimely appeals. In re Slimick, 928 F.2d 304, 306 (9th Cir. 1990). Therefore, Defendant's appeal must be dismissed for lack of subject matter jurisdiction.

B.  Pendency of the Rule 59(e) Motion.

If the May 15, 2006, Rule 59(e) motion had been timely and proper, then because that motion is still pending, Defendant's Notice of Appeal would not divest the bankruptcy court

of jurisdiction. Fed. Bank. R. Proc. 8002(b)(4). The Notice of Appeal would have had to be held in abeyance until the May 15, 2006 motion for reconsideration was disposed of. Rains v. Flinn (In re Rains), 428 F.3d 893, 904 (9th Cir. Cal. 2005).

Defendant admits to uncertainty as to whether the appeal is timely, given the eighteen-month pendency of the Rule 59(e) motion. (Doc. 1.) However, there is no precedent before this court that indicates that a court's delay in disposing of a Rule 59(e) motion is a constructive disposition of the motion.

As a result, this court must conclude that even if the Rule 59(e) motion was proper, the pendency of that motion would likely bar consideration of Defendant's appeal.

C. Review on the Merits of the Denial of the Motion for Reconsideration.

Alternatively, assuming this court has jurisdiction, the denial of the Rule 60(b) motion is reviewed for abuse of discretion. First Ave. West Bldg., 439 F.3d at 561. Since the Rule 60(b) motion was filed more than ten days after the February 24, 2005 judgment, the merits of the February 24, 2005 judgment will not be addressed. Maraziti, 52 F.3d at 254. Under this standard of review, the denial of the Rule 60(b) motion must be affirmed.

The bankruptcy court first rejected Defendant's arguments concerning personal and subject matter jurisdiction as having been waived by Defendant's failure to timely appeal those issues. (Adv. Doc. 242 at 2.) Issues that a party chooses not to appeal cannot subsequently be used to justify a motion for reconsideration. Ackermann v. United States, 340 U.S. 193, 198 (1950). Even the subject matter jurisdiction of a federal court "while open to direct review, may not be assailed collaterally." Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1940); Snell v. Cleveland, Inc., 316 F.3d 822, 827 (9th Cir. 2002). Defendant participated in the litigation that lead to the February 24, 2005 judgment, even filing a motion that caused an alteration of the judgment. (Adv. Doc. 128.) Accordingly, Defendant could have challenged and appealed the personal and subject matter jurisdiction of the bankruptcy court at any time up until ten days after the February 24, 2005 judgment, but chose not to. Since Defendant did not choose to raise these issues on appeal, Defendant cannot raise them in a motion for reconsideration after the judgment is final.

Therefore, the bankruptcy court was correct in finding Defendant's jurisdictional objections had been waived.

The bankruptcy court also denied Defendant's motion to reconsider the legal fees Defendant had been entitled to, holding the motion was time-barred. Although Defendant seemed to be filing for reconsideration of the fees under Rule 60(b)(5), the bankruptcy court held it was a Rule 60(b)(1) motion because it alleged a mistake in the bankruptcy court's determination of what fees Defendant was entitled to. Accordingly, since more than one year had passed since the judgment, the bankruptcy court held the motion was time barred by the terms of Rule 60(b), which requires Rule 60(b)(1) motions be filed within a year of the judgment. Defendant did not contest this holding in either the subsequent Rule 59(e) motion or this appeal, and given that Defendant alleged no new facts to justify reconsideration of the legal fees, characterizing Defendant's motion to reconsider those fees as alleging a mistake by the court is reasonable. Therefore, the bankruptcy court did not abuse its discretion by holding that the request to reconsider the legal fees was a Rule 60(b)(1) motion, and that it was therefore time-barred because it was filed more than one year after the February 24, 2005 judgment.

Finally, the bankruptcy court denied Defendant's motion to hold the judgment against him satisfied by the settlement agreement between the Leasco trustee and the Plaintiffs. Given that the orders putting the settlement in force *explicitly* declare that the settlement did not satisfy the judgment against Defendant, (Adv. Doc. 233 and 234) the bankruptcy court did not abuse its discretion in holding that the settlement agreement did not result in satisfaction of the judgment against Defendant.

Accordingly, since none of the arguments in the Rule 60(b) motion had merit, the bankruptcy court did not abuse it discretion by refusing to grant that motion. Given jurisdiction to hear this appeal, this court must affirm that decision.

For the reasons stated above, Defendant's appeal must be dismissed.
Accordingly,

**IT IS ORDERED** that Defendant's Appeal (Doc. 1) is **DISMISSED WITH PREJUDICE**.

DATED this 23rd day of July, 2009.

_____
Roslyn O. Silver
United States District Judge